CSD 1001A [07/01/18]

Name, Address, Telephone No. & I.D. No.

William F. McDonald III (CA - 230128)
McDONALD LAW
PO Box 124828
San Diego, CA 92112
Tel.: 619-315-1690

Attorney for Debtors

Order Entered on October 30, 2019 by Clerk U.S. Bankruptcy Court Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

SIMON POONKA and NATALYA POONKA,

Debtor.

BANKRUPTCY NO. 19-05307-MM7

Date of Hearing: 10/24/2019
Time of Hearing: 10:00 a.m.
Name of Judge: Hon. Margaret Mann

# ORDER ON

## MOTION FOR RELIEF FROM STAY FILED BY COLLETTE STARK

The court orders as set forth on the continuation pages attached and numbered __2__ through __9__ with exhibits, if any, for a total of __9__ pages. Motion/Application Docket Entry No. __16__.

//
//
//
//
//
//
//

DATED: October 30, 2019

_Margaret M Mann_

Judge, United States Bankruptcy Court

CSD 1001A

ORDER ON MOTION FOR RELIEF FROM STAY FILED BY COLLETTE STARK
DEBTOR: SIMON POONKA and NATALYA POONKA,                                    CASE NO: 19-05307-MM7

---

    The Motion for Relief from the Automatic Stay ("Motion") filed by Collette Stark ("Stark") came on regularly for hearing on the above date and time, the Honorable Margaret M. Mann, United States Bankruptcy Judge, presiding, William F. McDonald III, appearing on behalf of Debtors Simon Poonka and Natalya Poonka ("Debtors") and no appearance having been made by Movant Stark.

    The Court having considered the Motion and Debtors' Opposition thereto adopts its tentative ruling, attached hereto as Exhibit "A", denying the Motion without prejudice.

Signed by Judge Margaret M. Mann October 30, 2019

# EXHIBIT "A"

TENTATIVE RULING
ISSUED BY THE HONORABLE MARGARET M. MANN

DEBTOR:   Simon Poonka

Bk No: 19-05307-MM7

HEARING: 10:00 AM THURSDAY, OCTOBER 24, 2019

MOTION:   MOTION FOR RELIEF FROM AUTOMATIC STAY, CS-1

Pro per plaintiff Collette Stark moves for relief from stay to continue litigating the United States District Court for the Southern District of California Case No. 18-cv-2570-AJB-KSC against Chapter 7 Debtor Simon Poonka ("District Court Action").

**Background**

Stark filed the District Court Action on November 8, 2019, asserting claims against Debtor and his three wholly-owned entities, Project Eco, Poonka Enterprises, Inc., and Eco Home Solutions (together, the "Corporate Defendants"), under the Telephone Consumer Protection Act ("TCPA"), 47 US.C. § 227, the California Invasion of Privacy Act, Cal. Penal Code §§ 632, 637.2, 632.7 ("CIPA"), and Cal. Civ. Code § 1770(a)(22)(A). Stark alleges Debtor is both criminally and civilly liable for hiring agents to make phone calls to Stark between July 31, 2018 and August 3, 2018 using an automatic telephone dialing system in violation of state and federal law. Both Stark and Debtor are appearing pro se in the District Court Action.

Stark attempted to file an answer on behalf of himself and the Corporate Defendants on December 13, 2018. The district court found Simon could not appear pro se on behalf of the Corporate Defendants, however, and a default judgment in the amount of $4,500 was entered against them on April 8, 2019. This amount included statutory damages under the CIPA, $500 for intentional and willful violations of the TCPA, and $1,500 for violations of seven subsections of the TCPA.

The docket in the District Court Action indicates discovery is ongoing. An order compelling Debtor's response to Stark's requests for admission, interrogatories, and documents was entered on August 19, 2019, about a month before Debtor filed bankruptcy, and Stark filed an ex parte motion seeking sanctions for Debtor's failure to comply with that order on September 6, 2019. The matter was stayed before an order was entered on Stark's motion for sanctions. Stark seeks relief from stay to litigate her

District Court claims against Debtor individually to conclusion, including any appeals or retrials.

Debtor filed his voluntary Chapter 7 petition on August 31, 2019. His schedules list an unsecured, nonpriority claim owed to Stark valued at $0, citing it as "notice only: originating creditor." In total Debtor and his wife list a total of $38,402.31 in assets and $830,659.26 in unsecured nonpriority debt. Debtor did not list the District Court Action on his Statement of Financial Affairs, although he did list three other state court lawsuits filed against him and related entities. He also listed the Corporate Defendants on his statement of financial affairs, noting these companies ceased operations in 2018. Debtor's Chapter 7 Trustee filed a report of no distribution on October 4, 2019. The deadline to object to Debtor's discharge is set for December 2, 2019.

Stark filed an adversary case against Debtor on September 20, 2019, pro se. The three claims for relief identified in Stark's complaint are all asserted under the TCPA and, while Stark identified the case as one brought under § 523(a)(2)(A) on the record, the complaint identifies no claims brought under § 523. Summons was served on Debtor on October 2, 2019. Ten days after filing the adversary proceeding, Stark filed an unsecured claim in this case in the amount of $100,000 for violations of the TCPA and CIPA. No objection to this claim has been filed.

## Analysis

Under 11 U.S.C. § 362(a), a debtor's "bankruptcy filing imposes an automatic stay of all litigation against the debtor." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990). Bankruptcy courts can grant relief from the automatic stay "for cause" under § 362(d)(1) and have broad discretion to do so. *In re Mila, Inc.*, 423 B.R. 537, 542 (B.A.P. 9th Cir. 2010). To determine whether "cause" exists to lift the automatic stay to allow a party to pursue litigation against a debtor, a court must determine whether it should abstain from hearing the matters at issue under 28 U.S.C. § 1334. *Tucson Estates*, 912 F.2d at 1166-67 (adopting a 12 factor test courts should use to consider whether to abstain from hearing a matter which would establish cause to lift the automatic stay). Stark cites the 12 non-exclusive factors the Ninth Circuit Bankruptcy Appellate Panel relied upon in *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009), commonly referred to as the *Curtis* factors. The court will consider the mandatory *Tucson Estate* factors instead, since that authority is controlling, and the factors are very similar.

Stark argues for stay relief for multiple reasons: 1) the case is ready to proceed to trial due to a significant investment of time and resources; 2) Debtor is capable of defending himself, 3) stay relief would lead to an efficient resolution of her claim to the benefit of the estate as she is Debtor's largest unsecured creditor; 4) she hold default judgments against the Corporate Defendants.

Debtor opposes stay relief disputing his ability to defend himself and due to the court's exclusive jurisdiction over Stark's nondischargeability claims.

### (1) The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention.

Trustee has filed a report of no distribution in this case so there will be no payments to creditor. Liquidating Stark's claim is unnecessary since she will receive nothing in payment of it regardless of the size of the claim. The claim is also determined as a matter of bankruptcy law. Absent an objection, a claim is "deemed allowed" as to the date of filing under § 502(a). An allowed claim, like a judgment, gives a creditor "a right to payment of a specific sum of money against the debtor." 11 U.S.C. §§ 101(5); 502(b); FRBP 3001(f); *see also Onink v. Cardelucci (In re Cardelucci)*, 285 F.3d 1231, 1235 (9th Cir. 2002) ("As of the date of the filing of the petition, creditors hold a claim, similar to a federal judgment, against the estate, the payment of which is only dependent upon completion of the bankruptcy process."). Until the unlikely event a party objects to Stark's proof of claim, there is no need for further District Court proceedings other than in the context of the adversary.

But only this court can determine the nondischargeability of the debt Debtor may owe to Stark apart from the claim. *Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 103 (B.A.P. 9th Cir. 2007) (citing *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)). Until Debtor responds to the complaint, and whether there are non-dischargeability issues to decide, it is impossible for the court to determine if there is a bankruptcy function for the court to decide.

The facts here are very similar to *Benedor Corp. v. Conejo Enters. (In re Conejo Enters.)*, 96 F.3d 346, 353 (9th Cir. 1996) ("By staying the state action, the bankruptcy court promoted judicial economy and efficiency by minimizing the duplication of litigation in two separate forums and preventing litigation of a claim that may have been discharged in bankruptcy proceedings.") As in *Conejo,* stay relief would be an inefficient way to manage this estate.

This factor weighs heavily against abstention.

### (2) The extent to which state law issues predominate over bankruptcy issues.

Stark argues all of the claims asserted in the District Court Action are brought under state law and litigating in District Court will result in a complete resolution of the state law claims and that her claims are not subject to equitable subordination. But the only relevance of Stark's state claims is whether they give rise to a nondischargeable debt. Bankruptcy issues thus predominate over the state claims.

The factor weighs against abstention.

### *(3) The difficulty or unsettled nature of the applicable law.*

This factor is neutral as no party has asserted a position on it.

### *(4) The presence of a related proceeding commenced in District Court or other nonbankruptcy court.*

The District Court Action has been pending for 327 days and Stark argues discovery is complete and it is ready to proceed to trial. But discovery disputes remain to be resolved. Debtor admits this case was filed to stop trial from proceeding in the District Court Action. There still is no benefit to be gained from liquidating a claim that will be paid nothing if it is not discharged. This factor weighs against granting stay relief at this time.

### *(5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334.*

There is no other jurisdictional basis to the state claims, and the court has exclusive jurisdiction over Stark's dischargeability claims. *Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 103 (B.A.P. 9th Cir. 2007). (citing *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)). This weighs against abstention at this time.

### *(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.*

For the reasons set forth above, the relationship is close because of the predominance of the nondischargeability claims. This favors at least a **short-term** extension of the automatic stay.

### *(7) The substance rather than form of an asserted "core" proceeding.*

Stark argues her claims asserted in the District Court Action are non-core proceedings arising under nonbankruptcy law. However, Stark has filed a proof of claim in this case and the court has core jurisdiction over the claim under 28 U.S.C. § 157(c)(2)(B), providing for the allowance or disallowance of claims. *Katchen v. Landy*, 382 U.S. 323, 333 (1966) ("[H]e who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure.") (citing *Stern v. Marshall*, 131 S. Ct. 2594, 2616 (2011)).

The claims asserted in Stark's adversary are core and this factor weighs against abstention at this time. This factor also weighs against abstention.

### *(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in District Court with enforcement left to the bankruptcy court.*

Stark claims Debtor's schedules indicate he can afford representation in District Court and this makes severing the non-bankruptcy and bankruptcy issues pending in the adversary and District Court Action easy. Debtor disputes this, arguing he cannot afford to defend himself in the District Court Action. Whichever party is correct on this point, there may be no need to ever return to District Court.

As Stark's claims against Debtor are only relevant to the nondischargeability action as to which Debtor has not responded to the complaint, it cannot yet be determined if it is feasible to sever Stark's claims from the nondischargeability issues pending in this court. Whether and to what extent issues remain which can be severed and more appropriately determined by the District Court will be made clear after Debtor files a response in the adversary.

This factor weighs against granting stay relief at this time.

### *(9) The burden of the bankruptcy court's docket.*

Both courts are equally burdened. This factor is neutral.

### *(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.*

Debtor did not remove the District Court Action but merely took advantage of his right to file a bankruptcy petition. There is no evidence either party is forum shopping. This factor is neutral.

### *(11) The existence of a right to a jury trial.*

There is no right to a jury trial in this equitable proceeding.

### *(12) The presence in the proceeding of nondebtor parties.*

In addition to Debtor, Stark filed her District Court Action against the Corporate Defendants, all of which Stark claims Debtor controls. Stark also claims the entity "Home Advisor" is a party to the District Court Action but does not explain their involvement, and they are not listed as a defendant on the docket.

While the presence of the Corporate Defendants as parties to the District Court Action would normally militate in favor of continuing the litigation in that court, in this case, Debtor is the only party who has not had judgment entered against him and there is no indication any third party would be prejudiced by allowing judgments to be entered against the Corporate Defendants at a later time.

Signed by Judge Margaret M. Mann October 30, 2019

As there appear to be no active claims being litigated against third parties pending in the District Court Action, this factor is neutral.

### **Conclusion**

On balance, all of the *Tucson Estate* factors are neutral or weigh against granting stay relief at this time. Stark will not be denied "a full airing of her claims against Poonka and his codefendants in one forum," because her claims can be heard in the nondischargeability proceeding to the extent relevant. The court could grant relief at that time.

Stark's motion is denied without prejudice. This matter will be heard.

Signed by Judge Margaret M. Mann October 30, 2019

```
                          United States Bankruptcy Court
                           Southern District of California

In re:                                                       Case No. 19-05307-MM
Simon Poonka                                                 Chapter 7
Natalya Poonka
       Debtors                    CERTIFICATE OF NOTICE
District/off: 0974-3          User: Admin.               Page 1 of 1              Date Rcvd: Oct 30, 2019
                              Form ID: pdf01             Total Noticed: 2


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 01, 2019.
db/jdb       +Simon Poonka,   Natalya Poonka,   9930 Corridor Street,   San Diego, CA 92131-1828
cr           +Collette Stark,   2175 Cowley Way,   San Diego, CA 92110-1127

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 01, 2019                                    Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 30, 2019 at the address(es) listed below:
              Adam B. Arnold    on behalf of Joint Debtor Natalya  Poonka ababkfirm@gmail.com
              Adam B. Arnold    on behalf of Debtor Simon  Poonka ababkfirm@gmail.com
              Christopher R. Barclay    admin@crb7trustee.com, qcrbarclay2@ecf.axosfs.com,
               mlcunanan@crb7trustee.com
              United States Trustee    ustp.region15@usdoj.gov
              William F. McDonald, III    on behalf of Joint Debtor Natalya  Poonka wfmcdonald@gmail.com,
               william@mcdonaldlawsd.com
              William F. McDonald, III    on behalf of Defendant Simon  Poonka wfmcdonald@gmail.com,
               william@mcdonaldlawsd.com
              William F. McDonald, III    on behalf of Debtor Simon  Poonka wfmcdonald@gmail.com,
               william@mcdonaldlawsd.com
                                                                                             TOTAL: 7
```